DANAHY, Acting Chief Judge.
Prospective Tenant Report, Inc. [PTR] appeals from final agency action of the Department of State, Division of Licensing [Department] which ordered PTR to cease and desist from conducting its business unless it obtains a private investigation license from the Department. PTR maintains that the Department has no jurisdiction over it. We agree and reverse.
*895 PTR is a credit reporting agency that provides tenant background credit investigations for landlords. Besides typical credit information these investigations include checks into public records such as civil, criminal, and bankruptcy court filings and dispositions. PTR maintains that such investigation is necessary to give a complete report on the financial trustworthiness of prospective tenants to the company’s clients. PTR’s reports could include information on prior evictions, unpaid rents, and consumer debt judgments as well as results of reference checks with prior landlords. Results of checks into the public records of the criminal courts may disclose matters such as criminal fraud, RICO violations, bad check charges or theft. PTR contends that all of this information relates to a prospective tenant’s financial standing and credit responsibility as well as permissible areas of inquiry about character, general reputation, personal characteristics, or mode of living.
The Department filed an administrative complaint alleging that PTR was operating a private investigation business because its cheeks of the public records disclosed felony and misdemeanor convictions, such as murder, rape or child molestation, unrelated to credit and financial purposes. The complaint alleged that PTR did this without a valid private investigation license for the company or for its president in violation of the provisions of chapter 493. This chapter deals with private investigative, private security, and repossession services. PTR defended its lack of license by claiming it was exempt from the Department’s jurisdiction by virtue of section 493.6102(7), Florida Statutes (Supp.1990) (we have italicized the provision at issue):
493.6102 Inapplicability of parts I through IV of this chapter. — This chapter shall not apply to:
[[Image here]]
(7) Any bank or bank holding company, credit union or small loan company operating pursuant to chapters 516 and 520; any consumer credit reporting agency regulated under 15 U.S.C. ss. 1681 et seq.; or any collection agency not engaged in reposses-
sions or to any permanent employee thereof.
The Department disagreed that PTR was so exempt. After an informal hearing where the facts were not in dispute, the Department issued the final administrative order we review.
Generally an administrative agency’s construction of the statute under which it operates is given great deference. Ball v. Florida Podiatrist Trust, 620 So.2d 1018 (Fla. 1st DCA 1993). However, whether the statute at issue here confers jurisdiction to the Department at all is purely a matter of law. The issue here can only be resolved by construing the federal statute which PTR claims completely regulates it. That federal statute is the Fair Credit Reporting Act [FCRA], 15 U.S.C. §§ 1681-1681t (1988). If all of PTR’s activities are regulated under the FCRA, the exemption provided by Florida Statute section 493.6102(7) is applicable and the Department has no jurisdiction over PTR.
We conclude that the provisions of the FCRA are broad enough to include all of PTR’s activities thus making PTR subject to federal regulation. Because this is so, our legislature has, in section 493.6102(7), exempted PTR from the provisions of chapter 493 and from the jurisdiction of the Department.
PTR fits the definition of a consumer reporting agency and provides consumer reports as well as investigative consumer reports as the FCRA defines those terms:
[15 U.S.C.] § 1681a. Definitions; rules of construction
[[Image here]]
(d) The term “consumer report” means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer’s credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer’s eligibility for ... other purposes authorized under section 1681b of this title....
*896 (e) The term “investigative consumer report” means a consumer report or portion thereof in which information on a consumer’s character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information....
(f) The term “consumer reporting agency” means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
The purpose to which PTR’s reports are put is anticipated in the FCRA as a permissible purpose:
[15 U.S.C.] § 1681b. Permissible purposes of consumer reports
A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
[[Image here]]
(3) To a person which it has reason to believe—
[[Image here]]
(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer.
Although the FCRA generally speaks of “consumer reports” and “consumer reporting agency,” we note that it anticipates that a consumer reporting agency will also deal with the “investigative consumer report”:
[15 U.S.C.] § 16811. Restrictions on investigative consumer reports
Whenever a consumer reporting agency prepares an investigative consumer report, no adverse information in the consumer report (other than information which is a matter of public record) may be included in a subsequent consumer report unless such adverse information has been verified in the process of making such subsequent consumer report, or the adverse information was received within the three-month period preceding the date the subsequent report is furnished.
Because the investigative-type consumer report may contain sensitive information, the FCRA contains other specific regulations about handling that information. See e.g., 15 U.S.C. § 1681d (disclosure of investigative consumer reports); 15 U.S.C. § 1681i (procedure in case of disputed accuracy).
The undisputed facts outlining the scope of PTR’s activities show that every activity is within the ambit of the FCRA. Under these circumstances it was error for the Department to exercise jurisdiction over PTR.
Reversed and remanded with instructions to vacate the cease and desist order.
PARKER and ALTENBERND, JJ., concur.